UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Anthony M. Shea

                                    Case No. 19-cv-1006-SM
        v.                          Opinion No. 2021 DNH 178

United States of America

**O R D E R**

Petitioner, Anthony Shea, raises issues in this Section 2255 (28 U.S.C. § 2255) case that are substantively identical to those raised by his codefendants McDonald and O'Halloran.  See McDonald v. United States, 2021 WL 260397 (D.N.H. January 25, 2021); O'Halloran v. United States, No. 17-cv-330-SM (United States Court of Appeals for the First Circuit Docket No. 21-1157).

The government correctly concedes that under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), Shea is entitled to relief with respect to the sentences imposed for his two convictions on felon (prohibited person) in possession of a firearm charges, those sentences rested upon a now incorrect determination of his status as an armed career criminal.  Those sentences will be corrected by reducing them to the low end of the properly calculated applicable Guideline Sentencing Range, and a revised judgment reflecting that

reduction shall issue.  (Defendant is also serving a life sentence on his unchallenged conviction for carjacking.)

### Section 924(c) Convictions

As did McDonald and O'Halloran, petitioner argues that his two convictions for using or carrying a firearm in connection with crimes of violence (18 U.S.C. § 924(c)) should be vacated, given the Supreme Court's subsequent holding in United States v. Davis, 588 U.S. __, 139 S. Ct. 2319 (2019) (invalidating the "residual clause" in Section 924(c)).  The holding in Davis is retroactive and applies in Shea's case.  United States v. Bowen, 936 F.3d 1091, 1098 (10th Cir. 2019).

Jury instructions given with respect to Shea's Section 924(c) counts were rendered retroactively erroneous by the decision in Davis, in that the jury was told that counts charging "conspiracy to commit robbery," could serve as predicate "crimes of violence."  Because conspiracy does not qualify as a "crime of violence" under the "force clause" of Section 924(c), and the residual clause (that may have covered it) is now invalid, Shea seeks to have those convictions vacated as well as sentence relief.

But, Shea was also convicted of two substantive robbery offenses, which did, and still do, qualify as predicate "crimes of violence" under Section 924(c).  The indictment, and

instructions, referred to both the conspiracy to commit robbery and the substantive robbery counts as potential predicates. The conspiracy counts related to the very same robberies charged in the substantive counts, and the jury convicted Shea of all four charges.

For the reasons given in McDonald, it is plain that the retroactive error in the jury instructions was harmless beyond any doubt. See Durfee v. United States, 2020 WL 1942324 at * 4 (D.N.H. April 20, 2020) citing cases (Generally, "when the valid and invalid predicate offenses are coextensive, a reasonable probability does not exist that the jury convicted based only on the invalid offense."). "It does not make sense that the jury could find the petitioner used a firearm in the conspiracy, but not the robbery" that was the object of the conspiracy. Id., citing Johnson v. United States, 2019 WL 1790218 at * 6 (C.D. Calif. April 23, 2019).


## Conclusion

The jury instructions given with respect to the Section 924(c) counts, while retroactively rendered erroneous by Davis, were nonetheless harmless beyond doubt given that the jury convicted on both conspiracy to commit robbery and the very robberies petitioner conspired to commit. The conspiracy and robbery counts were interrelated and coextensive in every

material respect.  The robbery offenses plainly qualified as "crimes of violence" predicates, and the jury's verdict on the Section 924(c) counts remain valid.

Judgment shall enter in accordance with this order.

## Rule 11 Certificate of Appealability

As petitioner has not made a substantial showing of the denials of a constitutional right (28 U.S.C. § 2253(c)(2)) with respect to the two Section 924(c) convictions, and relief otherwise having been granted under Johnson, the court declines to issue a certificate of appealability.  Petitioner is, however, free to seek such a certificate from the United States Court of Appeals for the First Circuit, located in Boston, Massachusetts.  Rule 11, Rules Governing Section 2255 Proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 17, 2021

cc:  Jeffrey S. Levin, Esq.
     Wade M. Zolynski, Esq.
     Seth R. Aframe, AUSA